IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV215-1-V
5:03CR20-13-V

| | |
|---|---|
| MARTY DOUGLAS MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 23, 2005.

On or about August 6, 2001, Petitioner was one of fourteen individuals named in a two count indictment. Count One charged that Petitioner, and others, had conspired to possess with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 846. Count Two charged that Petitioner possessed with intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 841(a). On February 4, 2004, Petitioner entered a "straight up" guilty plea at his Rule 11 hearing. On November 2, 2004, after granting the Government's motion for a downward departure, the Court sentenced Petitioner to 41 months imprisonment on each count to be served concurrently. The Court also pronounced, in accordance with a directive from the

Fourth Circuit,[1] an alternative, provisional sentence of 31 months concurrent on each count to be imposed "in the event the Federal Sentencing Guidelines are ultimately invalidated by final action of the U.S. Supreme Court."  Petitioner did not directly appeal his sentence or conviction to the United States Court of Appeals for the Fourth Circuit.

On June 23, 2005, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that he had received ineffective assistance of counsel when his attorney advised him there was no need to appeal because his provisional sentence would be self-executing.  In support of his argument, Petitioner attaches a candid letter from his attorney in which his attorney informs him that he provided him with ineffective assistance when he erroneously advised him that if the Supreme Court found the mandatory application of the Sentencing Guidelines to be wrong, his alternative, provisional sentence would automatically be activated.

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was

---

[1] In United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004)(en banc), the United States Court of Appeals for the Fourth Circuit instructed the district courts to continue sentencing defendants in accordance with the guidelines but to also announce, at the time of sentencing, a sentence pursuant to 18 U.S.C.A. § 3553(a) treating the guidelines as advisory only.  The Fourth Circuit stated that announcing – but not imposing – a non-guidelines sentence at the time of sentencing would serve judicial economy in the event the Supreme Court concludes that Blakely significantly impacts guidelines sentencing.

constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995).  Petitioner bears the burden of proving Strickland prejudice.  Fields, 956 F.2d at 1297.  If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong."  Id. at 1290.

Petitioner's sentence was pronounced during a time of great upheaval in the law concerning criminal sentencing.   Moreover, at the time of Petitioner's sentencing, the Supreme Court had granted certiorari in the Booker/Fanfan case.  As such, this Court holds that Petitioner's counsel's action of not appealing Petitioner's sentence was ineffective.  Had Petitioner filed an appeal he would likely have received the lower alternative, provisional sentence announced by the Court at his sentencing hearing, or at a minimum, a new sentencing hearing.   As such, he was prejudiced by his counsel's actions.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**;

2. Petitioner's criminal judgment is vacated due to his attorney's ineffective assistance of counsel; and

3. The Clerk is directed to prepare a new criminal judgment imposing the same

sentence and the same conditions to the end that Petitioner will be able to file a direct appeal from the new Judgment within the allowable time limits (ten days from the time the new Judgment is filed with the clerk of Court) thereby achieving the same result he would have if his attorney had been effective.

**Signed: September 29, 2005**

Richard L. Voorhees
United States District Judge